# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-10502-GW (SK) | Date | January 13, 2020 |
| Title | Robert Curtis Williams III v. J. Talley et al. | | |

Present: The Honorable **Steve Kim, U.S. Magistrate Judge**

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None present | None present |

**Proceedings:** (IN CHAMBERS) **SCREENING ORDER**[1]

Plaintiff, a California state prisoner, has filed a complaint under 42 U.S.C. § 1983, alleging that correctional officer J. Talley used excessive force against him in July and August 2018 while Plaintiff was incarcerated at California Men's Colony. (ECF 2 at 6, 8-10). Plaintiff sues Defendant Talley in both his individual and official capacities for excessive force and sexual assault. (*Id.* at 5, 9-10). He also names four other correctional officers in their individual and official capacities for their alleged failure to protect Plaintiff or intervene. (*Id.* at 5, 8, 11). But because Plaintiff requests to proceed in forma pauperis, the Court must screen his complaint to "identify cognizable claims" and dismiss those that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1)-(2) (2018).

To begin with, Plaintiff has not alleged enough facts to show any constitutional violations during the July 2018 incident. Plaintiff claims that as he was leaving the prison law library, Talley "assaulted and "batter[ed]" him. (ECF 2 at 6, 8). In the prison grievance forms attached to his complaint, Plaintiff further alleges that a "John Doe,"— whom he presumably later identified as Talley (*see id.* at 6)—conducted a clothed body search and confiscated his legal papers. (*Id.* at 22, 24). These allegations are too conclusory to state an Eighth Amendment excessive force claim against Talley. *See* Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a federal claim on which relief may be granted.).

On the other hand, Plaintiff has alleged enough facts that, if true, state Eighth Amendment claims against Talley in his individual capacity for excessive force and sexual assault during the August 2018 incident. *See, e.g., Whitley v. Albers*, 475 U.S. 312, 319-20

---

[1] This order is non-dispositive, so it is not immediately appealable. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *McKeever v. Block*, 932 F.2d 795, 799 (9th Cir. 1991). If Plaintiff believes this order is dispositive, he must object to the order within 14 days. *See* Fed. R. Civ. P. 72(a), (b); L.R. 72–2.1; *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 & n.1 (9th Cir. 1996).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-10502-GW (SK) | Date | January 13, 2020 |
| --- | --- | --- | --- |
| Title | Robert Curtis Williams III v. J. Talley et al. | | |

(1986) (force applied "maliciously and sadistically for the very purpose of causing harm," rather than in good faith to preserve order and discipline in the prison is excessive under the Eighth Amendment); *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) (sexual harassment or abuse of an inmate by a corrections officer violates the Eighth Amendment). Plaintiff alleges that, when leaving the prison law library, Talley and a "mob" of correctional officers surrounded him. (ECF 2 at 9). Talley threatened Plaintiff, demanding that Plaintiff withdraw a previously submitted grievance against Talley. (*Id.*). When Plaintiff refused to acknowledge Talley's demands, Talley "tightly and roughly" squeezed Plaintiff's handcuffs, gripped Plaintiff's t-shirt near his collarbone and "violently twist[ed]," the shirt, "choking Plaintiff until he was nearly unconscious." (*Id.*). Talley then pushed Plaintiff against a wall and struck the back of Plaintiff's head with his elbow. (*Id.*). Afterwards, Talley pushed, dragged, and punched Plaintiff into the watch commander's office and subjected Plaintiff to a strip search. (*Id.* at 10). During the strip search, Plaintiff alleges that Talley misused a metal detector as a "sexual instrument" by repeatedly rubbing it between Plaintiff's buttocks after each squat. (*Id.*). These allegations, if true, state Eighth Amendment claims for excessive force and sexual abuse. *See, e.g., Hill v. Rowley*, 658 F. App'x 840, 841 (9th Cir. 2016) (correctional officer "gripping" an inmate's buttocks "intentionally to discriminate against him" stated claim for sexual harassment under the Eighth Amendment); *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988) (strip searches that are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest" may be unconstitutional); *McRorie v. Shimoda*, 795 F.2d 780, 784 (9th Cir. 1986) (cognizable Eighth Amendment claim where inmate alleged assault by prison official during strip search that inmate was not resisting).

Unlike Talley, however, none of the other correctional officers are alleged to have used any force, let alone excessive force, during the July or August 2018 incidents. Rather, Plaintiff alleges that correctional officer B. Kirker and Sergeant Rodriguez failed to protect him from Talley after he reported the first excessive force incident in July. (*See* ECF 2 at 6, 8). But to state a failure to protect claim under the Eighth Amendment, Plaintiff must show that (1) "he [wa]s incarcerated under conditions posing a substantial risk of serious harm," and (2) prison officials acted with deliberate indifference to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Plaintiff claims that both Kirker and Rodriguez were aware of a "substantial risk of serious harm to" Plaintiff's life after Plaintiff submitted a prison grievance relating to the July incident and Kirker interviewed him about it. (ECF 2 at 6, 8). In order to alleviate that risk, Plaintiff alleges that they should have removed him from the general population and placed him into administrative segregation while the investigation was pending. (*Id.*). But even if there were a serious risk to Plaintiff—which, as noted, it is not clear that there was—Kirker and Rodriguez "took reasonable steps to abate any known risk," *Fisher v. Stewart*, 37 Fed. App'x 947, 948-49 (9th Cir. 2002), by investigating Plaintiff's allegations, which they later determined were uncorroborated. (ECF 2 at 14-15). Prison officials who respond reasonably to a substantial risk to inmate safety "cannot be found liable under the Cruel and Unusual Punishments Clause." *Farmer*, 511 U.S. at 844-45. And in any event, Plaintiff fails to explain how placement in administrative segregation would have prevented the August incident, which

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-10502-GW (SK) | Date | January 13, 2020 |
|---|---|---|---|
| Title | Robert Curtis Williams III v. J. Talley et al. | | |

allegedly happened when Plaintiff was leaving the prison law library. Thus, Plaintiff's allegations do not state a sufficient failure to protect claim against Defendants Kirker and Rodriguez.

Plaintiff also asserts a failure to intervene claim against correctional officers L. Hicks, R. Lowe, and J. Rupp[2] for failing to stop Talley from using excessive force on Plaintiff during the August incident. (ECF 2 at 7, 11). When an officer is alleged to have used excessive force against a prisoner, other correctional officers may also be held liable if they had a realistic opportunity to intervene and stop the violation but failed to do so. *See Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003); *Cunningham v. Gates*, 229 F.3d 1271, 1289-90 (9th Cir. 2000). To state a claim for failure to intervene, Plaintiff must allege that Hicks, Lowe, and Rupp were (1) aware that Plaintiff faced a specific risk of harm from Talley's use of excessive force, and (2) had a reasonable opportunity to intervene to stop it. *Id*. Plaintiff alleges that he was surround by Talley, Hicks, Lowe, and Rupp as he was leaving the prison law library. (ECF 2 at 7, 9, 11). He claims that Hicks, Lowe, and Rupp watched as Talley used unreasonable force against him, including choking him with his t-shirt and striking him on the back of his head. (*Id.*). These allegations are sufficient to state a failure to intervene claim. *See, e.g., Vann v. Tapia*, 2014 WL 691093, at *2 (N.D. Cal. Feb. 21, 2014). In contrast, Plaintiff's assertion that Hicks, Lowe, and Rupp are also culpable for failing to stop Talley from sexually assaulting him during the strip search is unsupported by his allegations. Plaintiff alleges that Talley "kidnapped" him by pushing, dragging, and punching Plaintiff into the watch commander's office to conduct the strip search. (ECF 2 at 11). Because Hicks, Lowe, and Rupp "were not present at the scene," they did not have a realistic opportunity to intervene. *See Lolli*, 351 F.3d at 418; *Garcia v. Kernan*, 2019 WL 3429175, at *14 (S.D. Cal. July 30, 2019).

Finally, Plaintiff's official capacity claims against Defendants are barred by the Eleventh Amendment. A "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" and thus "is no different from a suit against the State itself." *Will v. Mich. Dep't State Police*, 491 U.S. 58, 71 (1989). But the Eleventh Amendment prohibits suits for any type of relief against a state or its agencies unless the state has waived its immunity or Congress has specifically overridden state sovereign immunity. *See Welch v. Texas Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472-74 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100, 106 (1984). "The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court[.]" *Dittman v. California*, 191 F.3d 1020, 1025-26 (9th

---

[2] In section III of the complaint, where Plaintiff is supposed to name all the parties to the action, he fails to name J. Rupp. (ECF 2 at 1, 4-5). If Plaintiff wishes to include Rupp as a defendant, he must include him both in the caption and in section III, not just mention him in the body of the facts section. *See Vigal v. Holland*, 2013 WL 3989180, at *3 (C.D. Cal. Aug. 2, 2013) (refusing to order U.S. Marshal to serve complaint on anyone not properly identified as a named defendant).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-10502-GW (SK) | Date | January 13, 2020 |
|---|---|---|---|
| Title | Robert Curtis Williams III v. J. Talley et al. | | |

Cir. 1999) (citation omitted). So Plaintiff's official capacity claims against Defendants must be dismissed. *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016); *Brown v. California Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009) (CDCR is an arm of the state under Eleventh Amendment immunity).

\* \* \* \* \* \* \* \* \*

For all these reasons, Plaintiff is **ORDERED TO SHOW CAUSE** on or before **February 13, 2020**, why his official capacity claims against all Defendants, his failure to protect claim against Kirker and Rodriguez, and any claims relating to the July 2019 incident should not be dismissed. To discharge this order, Plaintiff must do **one** (and **only one**) of the following:

(1) File a Notice of Voluntary Dismissal using the attached Form CV-09, dismissing without prejudice all claims and Defendants in the complaint, except for (1) his Eighth Amendment claims for excessive force and sexual assault against Defendant Talley in his individual capacity, and (2) his Eighth Amendment failure to intervene claim against Defendants Hicks and Lowe in their individual capacities. <u>If Plaintiff exercises this option, the complaint will be ordered served as narrowed by this order, and he may proceed to the next step in this litigation, including possibly discovery</u>.

OR

(2) File a First Amended Complaint ("FAC") curing all the deficiencies described in this order. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (leave to amend may be granted to pro se plaintiff to correct curable pleading defects). The FAC must be complete in itself, as it will supersede the original complaint. If Plaintiff wishes to assert a failure to intervene claim against Rupp in the FAC, he must add him into the caption and section III of the FAC.

OR

(3) File a Response stating that Plaintiff wants to stand on the original complaint as alleged <u>and</u> providing valid reasons why the complaint is not deficient as described in this order.

**WARNINGS**: If Plaintiff files either an amended complaint (option 2) that does *not* cure the deficiencies described in this order or an inadequate response (option 3) to this order, the Court will recommend that this action be dismissed involuntarily for the reasons in this order. If Plaintiff fails to take one of the required actions on time, this action may also be dismissed involuntarily for failure to prosecute. *See* Fed. R. Civ. P. 41(b); L.R. 41-1.