ROB BONTA
Attorney General of California
ALICIA BOWER
Supervising Deputy Attorney General
ARTHUR B. MARK III
Deputy Attorney General
State Bar No. 220865
  1300 I Street, Suite 125
  P.O. Box 944255
  Sacramento, CA 94244-2550
  Telephone: (916) 210-7345
  Fax: (916) 324-5205
  E-mail: Arthur.Mark@doj.ca.gov
*Attorneys for Defendants*
*J. Talley*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT CURTIS WILLIAMS, III,**<br><br>                    Plaintiff,<br><br>v.<br><br>**J. TALLEY, et al.,**<br><br>                    Defendants. | Case No. 2:19-cv-10502-GW-SK<br><br>**DEFENDANT'S EX PARTE APPLICATION FOR AN EXTENSION OF TIME TO RESPOND TO FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; SUPPORTING DECLARATION OF DEPUTY ATTORNEY GENERAL ARTHUR B. MARK III**<br><br>Judge:     Hon. Steve Kim<br>Trial Date:  None set<br>Action Filed: 12/12/2019 |

## *EX PARTE* APPLICATION

Defendant J. Talley respectfully applies *ex parte* for a 30-day extension of time to respond to Plaintiff's First Amended Complaint, from March 22, 2022, to April 22, 2022. Defendant submits this application under Federal Rule of Civil Procedure 6(b)(1)(A) on the ground that good cause exists to grant the extension.

1

As explained in greater detail in the supporting Memorandum of Points and Authorities and the Declaration of Deputy Attorney General Arthur B. Mark III, good cause exists for the requested extension of time to permit defense counsel to conduct the necessary investigation and research in this matter before filing an answer for Defendant Talley, in addition to the press of other business.

Defendant also respectfully submits a Proposed Order granting the *Ex Parte* Application for an Extension of Time.

Dated: March 17, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
ALICIA BOWER
Supervising Deputy Attorney General

*/s/ Arthur B. Mark III*

ARTHUR B. MARK III
Deputy Attorney General
*Attorneys for Defendant J. Talley*

LA2020300673
36015816.docx

2

# MEMORANDUM OF POINTS AND AUTHORITIES

Federal Rule of Civil Procedure 6(b)(1) authorizes a court, for good cause, to enlarge the time within which a party may or must do an act within a specified time. If a request for an extension of time is made before the expiration of the time originally prescribed, the request may be made without motion or notice. Fed. R. Civ. P. 6(b)(1)(A). Moreover, a court has the inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

Plaintiff filed this action on December 12, 2019. (ECF No. 2). Following screening by the Court and service, Defendants Talley, Lowe and Hicks filed a motion to dismiss. (ECF No. 39). The court requested additional briefing on the motion. (ECF No. 51). After additional briefing, the Court issued its report and recommendation on November 18, 2021, to grant the motion in part, dismissing Lowe and Hicks. (ECF No. 57). Defendants' current attorney of record, Arthur B. Mark III, substituted into this case on February 11, 2022. (ECF No. 60-62). On March 8, 2022, the Court accepted the report and recommendation and ordered Defendant Talley to answer the complaint within fourteen days. (ECF No. 63).

Defendant's counsel requires additional time to investigate Plaintiff's claims against Talley, review documents, and conduct research, including but not limited to assessing appropriate defenses and to confer with the Defendant. (Mark Decl. ¶ 2-3.) Defendant's counsel has not had the opportunity to do so since substituting in on February 11, 2022, due to the press of other business, which is explained in greater detail in the supporting declaration submitted with this request. (Mark Decl. ¶ 4a-j, 5.) A small delay in Defendant Talley's answer will not significantly delay the prosecution of this action or materially prejudice Plaintiff, who is presently in the custody of the California Department of Corrections and Rehabilitation and representing himself in this matter. (Mark Decl. ¶ 6.)

3

1 | In light of the foregoing, Defendant respectfully requests a 30-day extension
2 | of time to respond to the First Amended Complaint, up to and including April 22,
3 | 2022.

4 | Dated: March 17, 2022

Respectfully submitted,

ROB BONTA
Attorney General of California
ALICIA BOWER
Supervising Deputy Attorney General


*/s/ Arthur B. Mark III*

ARTHUR B. MARK III
Deputy Attorney General
*Attorneys for Defendant*
*J. Talley*

## DECLARATION OF ARTHUR B. MARK III

I, Arthur B. Mark III, declare:

1. I am a Deputy Attorney General in the Correctional Law Section of the Office of the Attorney General of the State of California. I am admitted to practice law in the State of California and before this Court. I am the attorney of record for Defendants Talley, Hicks and Lowe.

2. This case was recently assigned to me last month, and I appeared and previous attorney for Defendants withdrew on February 11, 2022

3. The nature of the claims asserted in this action requires me to review the complaint and Plaintiff's relevant prison records relevant to the circumstances involving the use of force and other actions alleged, in addition to conferring with my client.

4. Furthermore, the press of other business has impeded the time available in which to conduct the necessary investigation and to prepare a response to the complaint as follows:

   a. In the matter of *Graves v. CDCR et al.* No. 5:17-cv-1086 (C.D. Cal.), a counseled wrongful death case, on January 7, 2022, Plaintiffs filed a post-settlement motion to modify a protective order, seeking to remove confidentiality designations from over 2,000 pages of documents and over twenty-four hours of recordings from investigations. I prepared and filed Defendants' opposition, which was due and filed on February 1, 2022. The court held a hearing on the matter March 1, 2022, which I attended and argued. On March 10, 2022, the court issued an order on the motion, resolving some issues, but ordering the parties to meet and confer further to determine whether an agreement can be reached. Plaintiffs have provided a revised list of materials to meet and confer, which is still significant and will require review and me to confer with institutional clients. If the parties cannot reach an agreement, further motion practice is expected.

b.  In the matter of *Lund v. CDCR et. al.,* 37-2021-00042047 (San Diego Superior Court), a counseled case, I prepared and filed Defendants' Demurrer to Plaintiff's First Amended Complaint on January 6, 2022, raising several grounds, including state and federal immunities and arguing that particular statute Plaintiff claimed did not apply to him actually did apply, thus rending all his claims meritless. Plaintiff filed a late opposition, which I did not receive until one day before Defendants' reply was due.  I prepared and filed a timely reply on March 4, 2022.

c.  In the matter of *Caruso v. Hill et. al.* 1:20-cv-00084 (E.D. Cal.), a counseled case, I prepared the witnesses and defended the following depositions: A. Miller, February 4 and 8, 2020; Defendant M. Hill, February 10, 2022; F. Singleton February 17, 2022.  On March 7, 2022, I responded to subpoenas to CDCR and the California Institution for Women, including requesting searches for emails and reviewing emails for responsiveness and production, which is not yet complete.

d.  In the matter of *Coleman v. Virga*, 2:17-cv-00851 (E.D. Cal.), I prepared Defendants' responses to Plaintiff's objections to findings and recommendations, which was due and filed February 9, 2022.

e.  In the matter of *Allen v. Carter et. al*, 2:20-cv-00055 (E.D. Cal.), I prepared Defendants' motion to dismiss Plaintiff's first amended complaint, which was due February 21, 2022 and filed February 18, 2022.

f.  In the matter of *King v. Biter*, 1:15-cv-00414 (E.D. Cal.), I worked to prepare Defendant's Pretrial Statement, which was due and filed on February 24, 2022.

g.  In the matter of *Wilson v. Orr*, 2:20-cv-1715 (E.D. Cal.), I prepared responses to interrogatories and requests for production for four defendants, which were due and served on February 25, 2022.

  h. In the matter of *Hodge v. Reuter*, 2:19-cv-1956 (E.D. Cal.), I prepared Objections to Finding and Recommendations Denying Defendants' Motion to Dismiss, which was due on March 11, 2022, but not filed until March 14, 2022 due to an ECF outage.

  i. In the matter of *Rodriguez v. Knight*, 2:19-cv-02552 (E.D. Cal.), I prepared for and took the deposition of Plaintiff on March 15, 2022.

  j. I am counsel for defendants in two cases pending in the Northern District of California that raise claims based on CDCR's transfer of inmates from CIM to San Quentin, which Plaintiff's allege caused them to contract COVID-19.  These cases are:  *Diaz v. State of California*, 3:21-cv-4604 (a counseled wrongful death case) and *Vines v. Allison*, 3:21-cv-827, in which I have filed motions to dismiss. On March 8, 2022, the Court issued an order assigning my cases along with over thirty others to single judge for determination of common issues under the case *In re Covid-19 San Quentin Transfer Cases*, 3:22-mc-80066 WHO.  On March 10, 2022, the Court ordered that, in counseled case, including my case number 3:21-cv-4604, previously filed motions to dismiss either needed to be re-noticed in the consolidated matter or a revised motion should be filed by March 25, 2022. Accordingly, I must assess the previously filed motion and determine which action to take.

5. I expect to be out of the office for personal reasons on March 25, possibly March 28, and April 14 to 15, 2022.

6. To the best of my knowledge, a brief delay in filing Defendant Talley's answer to the remaining claims will not significantly delay the prosecution of this action or materially prejudice Plaintiff, who is presently in the custody of the California Department of Corrections and Rehabilitation and representing himself in this matter.

7. Notice of this *ex parte* application will be promptly served on Plaintiff.

1
2   I declare that the foregoing is true and correct under penalty of perjury under
3   the laws of the United States.
4   Executed on March 17, 2022, at Sacramento, California.
5
6                                             ***/s/ Arthur B. Mark III***
                                              Arthur B. Mark III
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28